LAW OFFICES OF ROBERT V. CORNISH, JR., P.C.
Keren E. Gesund (SBN 253242)
680 South Cache Street, Suite 100
P.O. Box 12200
Jackson, WY 83001
Tel: (702) 300-1180
Fax: (571) 290-6052
Email: keren@rcornishlaw.com

*Attorneys for Plaintiff Xinyi Guo*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| XINYI GUO, an individual,<br><br>　　　　Plaintiff,<br>　v.<br><br>LEGEND INTERNATIONAL INVESTMENT, LP a California limited partnership; AMERICAN EVERGLOW REGIONAL CENTER, LLC, a California limited liability company; LEGEND INVESTMENT MANAGEMENT, LLC, a California limited liability company; HUA GUO, an individual; STEVEN ZHI QIN, an individual,<br><br>　　　　Defendants. | Case No.: 8:25-cv-409<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF SEC RULE 10b-5**<br>2. **VIOLATION OF SEC RULE 20(a)**<br>3. **INTENTIONAL MISREPRESENTATION**<br>4. **NEGLIGENT MISREPRESENTATION**<br>5. **BREACH OF FIDUCIARY DUTY**<br>6. **AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**<br>7. **CONVERSION**<br>8. **UNJUST ENRICHMENT**<br>9. **CIVIL CONSPIRACY**<br>10. **BREACH OF CONTRACT**<br>11. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>12. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Xinyi Guo ("Guo" or "Plaintiff"), by and through undersigned counsel brings the following claims against Defendants, Legend International Investment, LP ("Legend" or the "Partnership"); American Everglow Regional Center, LLC ("AERC"), Legend Investment Management, LLC ("LIM"), Hua Guo ("Hua") and Steven Zhi Qin ("Qin") (collectively "Defendants"). Upon knowledge with respect to his own actions, and otherwise on information and belief, Plaintiff submits:

## SUMMARY OF THE ACTION

1. This action arises from Defendants' misrepresentations to Plaintiff regarding the value of his equity in Legend International Investment, LP ("Legend" or the "Partnership").

2. Plaintiff has been a limited partner of Legend since 2016.

3. Since that time, Defendants have represented to Plaintiff that his equity in the Partnership was in the $400,000 range.

4. For example, Defendants issued a Schedule K-1 for 2022 to Plaintiff indicating the amount of his equity in Legend was $457,844 with a beginning capital of $465,295.

5. However, the next year, Defendants' K-1 for 2023 to Plaintiff indicated the amount of his equity in Legend was $25,269 with a beginning capital of $33,755.

6. In a recent derivative lawsuit filed against Defendants, Plaintiff learned that Defendants have been transferring Partnership funds to themselves, their friends, and their affiliates for work unrelated to the Partnership.

7. Defendants have knowingly or recklessly provided false information on the K-1s to lull Plaintiff into believing his investment was performing while Defendants absconded with the funds from the Partnership.

8. Had Plaintiff known Defendants were draining the partnership's account, he would sought to stop the plundering or, in the alternative, have sold his share in the partnership.

## PARTIES

9. Plaintiff Xinyi Guo is an individual residing in Irvine, California and is one of the limited partners in Legend.

10. Defendant Legend is a California limited partnership located at 6240 Mission Blvd, Riverside, California 92509.

11. Defendant AERC is one of Legend's two general partners. AERC is a California limited liability company with a principal place of business at 6280 Mission Blvd., Suite 204, Jurupa Valley, California 92509.

12. Defendant Hua is the managing member of AERC.

13. Defendant LIM is Legend's second general partner. LIM is a California limited liability company with a principal place of business also at 6280 Mission Blvd., Suite 204, Jurupa Valley, California 92509.

14. Defendant Qin is the managing member of LIM and located in Rosemead, California 91770.

## JURISDICTION AND VENUE

15. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the Securities Exchange Act of 1934 (§ 10(b) and Rule 10b-5), the Securities Act of 1933 and 15 U.S.C. § 78aa and supplemental jurisdiction of any state claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiff resides in the Central District of California; Defendants' Legend, AERC and LIM's principal place of business is in the Central District of California; upon information and belief, the individual defendants reside in the Central District of California, and a substantial part of the events giving rise to the claims at issue occurred in the Central District of California.

## FACTS

17. This matter involves claims arising from Defendants' fraudulent misrepresentations to its Limited Partners to buy time to fleece the partnership of its assets.

18. Plaintiff is a foreign national residing in Irvine, California.

19. Plaintiff sought U.S. residency through a federal immigration program known as the EB-5 Immigrant Investor Program (the "Program").

20. The Program, administered by United States Citizenship and Immigration Services ("USCIS"), provides an opportunity for foreign nationals to obtain legal permanent residency in the

U.S. by investing, at all relevant times, $500,000 or $1,000,000 in a commercial enterprise that creates at least ten qualified full-time U.S. jobs based on that investment.

21. The EB-5 Program does not permit investments by EB-5 investors in the form of direct loans. Instead, regional centers collect the investments of EB-5 investors into a pooled entity, which loans the funds directly to the intended party developing the project. These pooled entities are typically structured as limited partnerships, with the general partner being an entity created by the regional center and each of the EB-5 investors being limited partners. This structure provides the legal patina required to comply with the EB-5 Program's requirements while facilitating indirect investment by EB-5 investors into qualifying projects.

22. After approval of the I-526 petition, immigrant investors receive conditional permanent residence status for a period of two years. Before the filing of Form I-829, known as Petition by Entrepreneur to Remove Conditions on Permanent Resident Status, the EB-5 Regional Center is required to invest the immigrant's capital contribution in a job-creating commercial enterprise that creates at least ten qualified full-time positions in the United States.

23. After an immigrant investor demonstrates to USCIS that his or her capital contribution was invested into a job-creating entity that produced at least ten qualified full-time jobs for U.S. workers based on the investment, the investor (and his or her immediate family) is granted U.S. lawful permanent residency through the filing and approval of an I-829 petition.

24. On or about May 17, 2016, Plaintiff executed the Limited Partnership Agreement for Legend International Investment, LP, (the "Partnership Agreement") and paid to Legend the $500,000 capital contribution and $50,000 processing fee. A true and correct copy of the Limited Partnership Agreement is attached hereto as **Exhibit 1**.

25. In return, Plaintiff received a unit of interest in the Partnership.

26. The purpose of the Partnership was "to develop, construct, and operate a brand new commercial retail center to be known as Legend Business Center, consisting of 55,500 square feet of new commercial retail space, in 3 separate buildings, on 5 acres of land in Riverside, California" (the "Project"). Exhibit 1 at 4, Art. 3.1.

27. AERC and LIM were the general partners of Legend. Plaintiff and approximately 32 other EB-5 investors were limited partners of Legend.

28. Hua is the managing member of AERC. Qin the managing member of LIM.

29. From 2016 through 2022, Hua and Qin, through Legend, issued or caused to issue K-1s to Plaintiff indicating the amount of his equity in Legend was in the $400,000 range.

30. For example, these Defendants issued or caused to issue a Schedule K-1 for 2022 to Plaintiff indicating the amount of his equity in Legend was $457,844 with a beginning capital of $465,295.

31. However, the next year, the following K-1 for 2023 to Plaintiff indicated the amount of his equity in Legend was $25,269 with a beginning capital of $33,755—a one year decline of **over 95%**.

32. In September 2022, Plaintiff received a conditional green card through means unrelated to the EB-5 Program. In January 2025, Plaintiff received his permanent green card.

33. On June 21, 2023, Mi Tang, another EB-5 limited partner in Legend, filed a first amended complaint derivatively on behalf of Legend against Defendants, their affiliates, and their associates in the matter *Tang v. American Everglow Regional Center, LLC* before the Superior Court of the State of California County of Riverside, Case No. CVRI2104400.

34. As set forth in the derivative action, Defendants Hua and Qin on behalf of themselves and AERC and LIM made payments and/or loans to themselves, their friends and affiliates unrelated to the Project, including at least $191,000 to University Campus Hotel LLC ("UCH"), a separate EB-5 project that is also being developed by Defendants; $250,000 to Prime Investment International Inc. ("Prime"), an entity owned and operated by Hua; $286,000 to Bloomage Beverly Hills Investment, Inc. ("Bloomage"), a personal friend of Hua; $122,000 to Blooming Investment Group Inc. ("Blooming"), another personal friend of Hua; $45,000 to Forge Innovation Development Corp. ("Forge"), an entity owned by Defendants; $200,000 to Fang Law Offices for services unrelated to the Project; $515,000 to Glory Investment International Inc. ("Glory"), an affiliate of Defendants; and $494,000 to LIM as a short-term loan.

35. Upon information and belief, Defendants Hua and Qin through their respective companies AERC and LIM have knowingly or recklessly provided false information on the K-1s to lull Plaintiff into believing his investment was performing while Defendants absconded with the funds from the Partnership.

36. Had Plaintiff known Defendants were draining the Partnership's account, he would have sought to stop the plundering or, in the alternative, sold his share in the partnership.

## **ALTER EGO LIABILITY**

37. At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter ego and/or joint venturer of the other Defendant, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendant.

38. From at least 2016 to the present, Legend, AEC, LIM, Hua and Qin were alter egos of one another, and there existed, and at all times here mentioned has existed, a unity of interest and ownership between these Defendants such that any separateness between them has ceased to exist in that Hua and Qin, dominated, managed, and operated Legend through AERC and LIM to suit their convenience.

39. Specifically, on information and belief, at all times relevant hereto, Hua and Qin (1) controlled the business and affairs of the other Defendants, including any and all of their affiliates; (2) commingled the funds and assets of the corporate Defendants, diverted corporate funds and assets, and used them for matters unrelated to the Project; (3) disregarded legal formalities and failed to maintain arm's length relationships among the corporate Defendants; (4) used the same office or business location and employed the same employees for each of the corporate Defendants; (5) used the corporate Defendants as mere shells, instrumentalities, or conduits for themselves and/or their individual businesses; (6) manipulated the assets and liabilities between the corporate Defendants so as to concentrate the assets and liabilities in different entities; and/or (7) used the corporate Defendants to conceal their ownership, management and financial interests and/or personal business activities.

40. For foregoing reasons, recognition of the Defendants as separate entities would result in injustice or fraud.

## FIRST CAUSE OF ACTION

## VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

## AND SEC RULE 10b-5.

### (By Plaintiff Against Legend)

41. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

42. Plaintiff's investment in Legend as part of his EB-5 visa application constitutes the purchase of a security. *SEC v. Feng*, 935 F.3d 721 (9th Cir. 2019).

43. Legend, through authorized representatives and officers, knowingly misrepresented the value of the Partnership through its yearly K-1s from at least 2022 to the present.

44. For example, Legend issued a Schedule K-1 for 2022 to Plaintiff indicating the amount of his equity in Legend was $457,844 with a beginning capital of $465,295.

45. However, the next year, Legend's K-1 for 2023 to Plaintiff indicated the amount of his equity in Legend was $25,269 with a beginning capital of $33,755.

46. In a recent derivative lawsuit filed against Defendants, Plaintiff learned that Defendants have been transferring Partnership funds to themselves, their friends, and their affiliates for work unrelated to the Partnership.

47. Defendant has been knowingly providing false information on the K-1s to lull Plaintiff into believing his investment was performing while Defendants absconded with the funds from the partnership.

48. Defendant's willful, intentional provision of false information on its K-1 was made with requisite scienter as required for liability under federal securities laws.

49. Plaintiff refrained from acting (selling his interests, demanding further litigation, instituting legal proceedings against Defendants for their egregious failings in managing the Partnership) based upon the misrepresentations or omissions of material fact.

50. Plaintiff reasonably relied on Defendant's misrepresentations and omissions of material fact. Defendant owed Plaintiff fiduciary duties of loyalty and care under the Agreement and Plaintiff had no reason to believe that Defendant would withhold material information from him.

51. As a direct and proximate result of the Defendant's wrongful misrepresentations and omissions, Plaintiff has suffered damages plus interests, costs, and attorneys' fees, the exact amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT

**(By Plaintiff Against AERC, LIM, Hua and Quinn (the "Control Defendants") )**

52. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

53. Plaintiff's investment in Legend as part of his EB-5 visa application constitutes the purchase of a security. *SEC v. Feng*, 935 F.3d 721 (9th Cir. 2019).

54. Legend, through its general partners AERC and LIM, and their respective managing members Hua and Qin, controlled the business affairs of Legend, maintained dominion over Legend and knowingly caused the Partnership to misrepresent its value through its yearly K-1s.

55. For example, the Control Defendants caused Legend to issue a Schedule K-1 for 2022 to Plaintiff indicating the amount of his equity in Legend was $457,844 with a beginning capital of $465,295.

56. However, the next year, the Control Defendants caused Legend to issue a K-1 for 2023 to Plaintiff that indicated the amount of his equity in Legend was $25,269 with a beginning capital of $33,755.

57. In a recent derivative lawsuit filed against the Control Defendants and others, Plaintiff learned that the Control Defendants have been transferring Partnership funds to themselves, their friends, and their affiliates for work unrelated to the Partnership.

58. The Control Defendants have been knowingly providing false information to Legend to provide on the K-1s to lull Plaintiff into believing his investment was performing while these Control Defendants absconded with the funds from the partnership.

59. Plaintiff refrained from acting (selling his interests, demanding further litigation, instituting legal proceedings against the Control Defendants for their egregious failings in managing the Partnership) based upon the misrepresentations or omissions of material fact.

60. Plaintiff reasonably relied on these misrepresentations and omissions of material fact ultimately made by the Control Defendants to serve their illicit business objective of absconding with the funds of investors such as Plaintiff.  The Control Defendants owed Plaintiff fiduciary duties of loyalty and care under the Agreement and Plaintiff had no reason to believe that these Control Defendants would withhold material information from him or cause false information to be provided upon which he would reasonably rely.

61. As a direct and proximate result of the Control Defendants' wrongful misrepresentations and omissions, Plaintiff has suffered damages plus interests, costs, and attorneys' fees, the exact amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION/HOLDER'S ACTION

**(By Plaintiff Against all Defendants)**

62. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

63. To the extent necessary, this cause of action is pled in the alternative.

64. Plaintiff's investment in Legend as part of his EB-5 visa application constitutes securities. *SEC v. Feng*, 935 F.3d 721 (9th Cir. 2019).

65. Legend, through its general partners AERC and LIM, and their respective managing members Hua and Qin, knowingly, or with reckless disregard for the truth, made misrepresentations of material facts to Plaintiff regarding the value of his equity in Legend and failed to disclose material facts to Plaintiff in connection with their limited partnership interests.

66. Defendants misrepresented several material facts, including, but not limited to, Plaintiff's equity in Legend.

67. Defendants were under a duty to disclose to Plaintiffs certain facts, but failed to disclose that they were giving and/or loaning funds to entities unrelated to the Project.

68. This conduct and lack of action continued throughout the terms of the commitment of funds to the Project by the EB-5 investors.

69. Defendants intended that Plaintiffs rely on these misrepresentations to prevent an onslaught of litigation against them and any disposition of partnership interests.

70. Defendants knew or should have known of the misrepresentations and/or omissions of material fact detailed herein.

71. Plaintiff refrained from acting (selling his interests, demanding further litigation, instituting legal proceedings against Defendants for their egregious failings in managing the Partnership) based upon the misrepresentations or omissions of material fact.

72. Plaintiff reasonably relied on Defendants' misrepresentations and omissions of material fact. Defendants owed Plaintiff fiduciary duties of loyalty and care under the Agreement and Plaintiff had no reason to believe that Defendants would withhold material information from him.

73. As a direct and proximate result of the Defendants' wrongful misrepresentations and omissions, Plaintiff has suffered damages plus interests, costs, and attorneys' fees, the exact amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION/HOLDER'S ACTION

**(By Plaintiff Against All Defendants)**

74. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

75. To the extent necessary, this cause of action is pled in the alternative.

76. Plaintiff's investment in Legend as part of his EB-5 visa application constitutes securities. *SEC v. Feng*, 935 F.3d 721 (9th Cir. 2019).

77. Legend, through its general partners AERC and LIM, and their respective managing members Hua and Qin, made misrepresentations of material facts to Plaintiffs and failed to disclose material facts to Plaintiffs in connection with their limited partnership interests.

78. Defendants misrepresented several material facts, including, but not limited to, Plaintiff's equity in Legend.

79. Defendants were under a duty to disclose to Plaintiffs certain facts, but failed to disclose that they were giving and/or loaning funds to entities unrelated to the Project.

80. This conduct and lack of action continued throughout the terms of the commitment of funds to the Project by the EB-5 investors.

81. Defendants knew or should have known of the misrepresentations and/or omissions of material fact detailed herein.

82. Plaintiff reasonably relied on Defendants' misrepresentations and omissions of material fact and held, as opposed to disposing of or selling, partnership interests with Legend, pursuant to the terms of the Partnership Agreement.

83. Plaintiff refrained from acting (selling their interests, demanding further litigation, instituting legal proceedings against Defendants for their egregious failings in managing the Partnership) based upon the aforementioned misrepresentations or omissions of material fact.

84. As a direct and proximate result of the Defendants' wrongful misrepresentations and omissions, Plaintiff has suffered damages plus interests, costs, and attorneys' fees, the exact amount to be proved at the time of trial.

## FIFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

**(By Plaintiff Against all Defendants)**

85. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

86. To the extent necessary, this cause of action is pled in the alternative.

87. Defendants had fiduciary duties to Plaintiff as co-general partners and control persons of Legend to operate Legend and manage Plaintiff's investment with reasonable diligence,

in good faith, and in accordance with representations it made to Plaintiff regarding the partnership's intended business and purpose as articulated in the Partnership Agreement. Defendants also owed Plaintiff a duty of care, loyalty, and not to engage in corporate waste.

88. Instead, Defendants were either grossly negligent or intentionally breached their fiduciary duties to Plaintiff by taking (or allowing others to take) partnership funds for their own personal use unrelated to the Project.

89. Plaintiff has been harmed by Defendants' grossly negligent or willful and wanton conduct in an amount no less than $550,000.

90. In addition to the monetary damages that the Plaintiff has suffered, the acts of the Defendants were wrongful, dishonest, malicious, and oppressive, and Plaintiff seeks an award of punitive damages in an amount to punish the Defendants and each of them and to make an example to others that such conduct should not be awarded, in an amount to be proven at the time of trial.

### SIXTH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

**(By Plaintiff Against All Defendants)**

91. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

92. To the extent necessary, this cause of action is pled in the alternative.

93. As specifically described above, Defendants' grossly negligent and/or intentional bad acts were a breach of their fiduciary duties owed to Plaintiff.

94. Defendants knowingly aided and abetted breaches of fiduciary duties owed to Plaintiff, by, absconding or turning a blind eye to others who were absconding with Plaintiff's funds.

95. Plaintiff was damaged by Defendants' action in an amount no less than $550,000.

### SEVENTH CAUSE OF ACTION

### CONVERSION

**(By Plaintiff Against All Defendants)**

96. Plaintiff hereby incorporates all paragraphs set forth above as if set forth fully herein.

97. Defendants wrongfully exercised dominion over Plaintiff's investment by making payments to themselves, their affiliates and their friends.

98. As a result, Plaintiff was damaged by Defendants' action in an amount no less than $550,000.

## EIGHTH CAUSE OF ACTION

## UNJUST ENRICHMENT

**(By Plaintiff Against All Defendants)**

99. Plaintiff hereby incorporates all paragraphs set forth above as if set forth fully herein.

100. To the extent permitted by law, Plaintiff seeks restitution for Defendants' unjust enrichment.

101. Plaintiff provided $550,000.00 to Defendants for the development and operation of the Project.

102. Instead of using the funds for the Project, Defendants made payments to themselves, their affiliates and their friends.

103. As a result, Plaintiff was damaged by Defendants' action in an amount no less than $550,000.

## NINTH CAUSE OF ACTION

## CIVIL CONSPIRACY

**(By Plaintiff Against All Defendants)**

104. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

105. To the extent necessary, this cause of action is pled in the alternative.

106. Defendants conspired with each other to violate their duties to Plaintiff as set forth above by committing one or more overt acts pursuant to a common design. Each of the Defendants were united by a common interest in absconding with Plaintiff's funds and hiding their wrongful conduct.

107. Plaintiff has been damaged in an amount not less than $550,000, as a direct and proximate result of the conspiracy.

## TENTH CAUSE OF ACTION

## BREACH OF CONTRACT

**(By Plaintiff Against Legend)**

108. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if set forth herein.

109. On or about May 17, 2016, Plaintiff executed the Partnership Agreement and paid to Legend the $500,000 capital contribution and $50,000 processing fee. Exhibit 1.

110. The purpose of the Partnership was "to develop, construct, and operate a brand new commercial retail center to be known as Legend Business Center, consisting of 55,500 square feet of new commercial retail space, in 3 separate buildings, on 5 acres of land in Riverside, California" (the "Project"). Exhibit 1 at 4, Art. 3.1.

111. Each limited partner's distribution "shall be distributed in accordance with his percentage of interest in Net Profits." *Id*. at 7, Art. 7.3.

112. Rather than use the funds to develop and operate the commercial retail center, Legend gave or lent Plaintiff's funds to AERC, LIM, Hua, Qin, their affiliates and their friends.

113. Plaintiff has been harmed by Legend's breach of contract in an amount no less than $550,000.

## ELEVENTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(By Plaintiff Against Legend)**

114. Plaintiff hereby incorporates all paragraphs set forth above as if set forth fully herein.

115. To the extent permitted by law, this cause of action is pleaded in the alternative.

116. The Partnership Agreement between Plaintiff and Legend contained an implied covenant of good faith and fair dealing, whereby Defendant Legend was to act in good faith and not deny Plaintiff bargained-for benefits under the Agreement.

117. Defendant Legend breached the implied covenant with respect to the Partnership Agreement as set forth herein.

118. Defendant Legend failed to utilize the funds as contemplated by the parties.

119. Plaintiff has been harmed by Legend's breach of contract in an amount no less than $550,000.

## TWELFTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 *et seq.*

**(By Plaintiff Against All Defendants)**

120. Plaintiff hereby incorporates all paragraphs set forth above as if set forth fully herein.

121. California's Unfair Competition Law prohibits "unfair competition," which is defined broadly to include "any unlawful, unfair or fraudulent business act or practice."

122. Defendants' misrepresentation that it would spend Plaintiff's money on the Project constitutes an unfair business practice in violation of sections 17200 *et seq.* of the California Business and Professions Code.

123. Such practice has allowed Defendants to unfairly benefit from Plaintiff.

124. Plaintiff has been harmed by Defendants' breach of contract in an amount no less than $550,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief against Defendant as follows:

1. For any and all actual damages;
2. For costs of suit incurred herein;
3. For any and all prejudgment interest and post judgment interest;
4. For reasonable attorneys' fees and costs as allowed by law;
5. For general and special damages against Defendants for an amount to be determined at trial;
6. For any and all contractual and equitable relief allowed by law; and
7. For such other and further relief as the Court deems just and proper.

Dated: March 3, 2025         LAW OFFICES OF ROBERT V. CORNISH, JR., P.C.

*/s/ Keren E. Gesund*
Keren E. Gesund